## H. S. ECKELS & CO. v. UNITED STATES.
### No. L–290.

Court of Claims.
June 5, 1933.

Theodore B. Benson, of Washington, D. C., for the plaintiff.

Lisle A. Smith, of Washington D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The only question in this case is whether a document filed by plaintiff August 31, 1920, entitled "Claim for Abatement," asking that the entire additional assessment of $6,136.88 be abated on the ground that the assessment was without warrant of law and illegal was a claim in abatement within the meaning of section 611 of the Revenue Act of 1928 (26 USCA § 2611), which provides that, if any tax was assessed prior to June 2, 1924, and within the period of limitation properly applicable thereto and "if a claim in abatement was filed, * * * and if the collection of any part thereof was stayed," the payment of any part of such tax shall not be considered as an overpayment. We think the claim for abatement filed comes within the provisions of section 611. This section does not require that the claim in abatement contemplated therein shall be a claim fully complying with the statute and the regulations of the Treasury Department, but contemplates any claim which may be filed having for its purpose the abatement of the tax which operates to stay collection of the tax assessed. The fact that collection of tax had been stayed by some act of the taxpayer was the reason for the provision that a late collection should not be regarded as an overpayment.

It is stipulated, and we have found as a fact that collection of the tax was stayed by the filing of the claim for abatement. The case, therefore, comes within the plain provisions of section 611 and the petition must be dismissed. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.